

| | |
|---|---|
| **Bishoy Abo-Saif,**<br>**Plaintiff**<br><br>v.<br><br>**John Marshall Law School,**<br>**Defendant** | United States District Court<br>Northern District of Illinois **FILED**<br><br>MAR 0 1 2016<br><br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT<br><br>1:16-cv-2727<br>Judge John J. Tharp, Jr.<br>Magistrate Judge Sidney I. Schenkier |

## COMPLAINT

NOW COMES PLAINTIFF BISHOY ABO-SAIF, by and through Bishoy Abo-Saif, and as his complaint states as follows:

### JURISDICTION AND VENUE

1. This is a Civil Rights complaint for declaratory, injunctive and other appropriate relief brought by Plaintiff, Bishoy Abo-Saif, appearing pro se. Mr. Abo-Saif brings this complaint for violations of his individual rights under the Americans with Disabilities Act of 1990 (ADA), **42 U.S.C. § 12101** *et seq* and Section 504 of the Rehabilitation Act of 1973, **29 U.S.C. § 794.**

2. This Court has jurisdiction pursuant to the following statutes:

   a. **28 U.S.C. § 1331**, which gives district courts original jurisdiction over civil actions arising under the Constitutions, laws or treaties of the United States;

   b. **28 U.S.C. § 1343 (3)** and **(4)**, which gives district courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is appropriate in this judicial district under **28 U.S.C. § 1391(b)** because the events that gave rise to this Complaint occurred in this district and the parties reside or do business in this district.

### PARTIES

4. Plaintiff, Bishoy Abo-Saif, resides in the County of Cook, State of Illinois, which is in this judicial district.

5. Defendant, John Marshall Law School, is a public accommodation for the purposes of the ADA pursuant to **42 U.S.C § 12181(7)(J)**, provides a program and/or activity receiving federal financial assistance subject to the Rehabilitation Act, **29 U.S.C. § 794**, and is located in the County of Cook, State of Illinois, which is in this judicial district.

## GENERAL ALLEGATIONS

6. Title III of the ADA, found at **42 U.S.C. §§ 12181-12189**, prohibits discrimination against an individual on the basis of disability in a place of public accommodation. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations is discrimination.

7. No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of [the Rehabilitation Act], shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance, **29 U.S.C. § 794**.

8. Plaintiff is an individual with Cerebral Palsy, a physical disability that substantially limits one or more of his major life activities and is a person with a disability as defined by the ADA, **42 U.S.C. § 1202** and an otherwise qualified individual with a disability under the Rehabilitation Act, **29 U.S.C. § 705**.

9. As a result of plaintiff's condition Mr. Abo-Saif has gross and fine motor impairments resulting in the use of a wheelchair, inability to write and type independently, and speech impairment.

10. Mr. Abo-Saif enrolled in the Spring 2014 term as a law student at John Marshall Law School (JMLS).

11. Mr. Abo-Saif filed his request for appropriate accommodations, including a request for a typist, with Melinda Moore, the Disability Accommodations Coordinator (DAC) in a timely manner. The DAC indicated that, "As far as any midterms and exams are concerned, we can certainly arrange for you to have individual proctors to type for you."

12. JMLS failed to provide reasonable and appropriate accommodations and anonymous grading resulting in Mr. Abo-Saif failing his torts course and being academically dismissed from JMLS.

## COUNT I
## FAILURE TO PROVIDE TYPIST FOR MIDTERM

13. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

14. On or about March 1, 2014 JMLS deprived Plaintiff of his federal statutory rights by failing to provide the reasonable and appropriate accommodation of a typist for the

Plaintiff's torts midterm examination. Mr. Abo-Saif requested the accommodation of a typist at the beginning of the term and specifically requested a typist for the midterm.

15. As a direct and proximate result of JMLS' violation of **42 U.S.C. § 12182** and **29 U.S.C. § 794**, Plaintiff has sustained injuries of receiving a failing grade in his torts class and ultimately being academically dismissed from JMLS.

## COUNT II
## FAILURE TO PROVIDE ALTERNATE QUIZZES

16. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

17. On or about April 1 and 22, 2014 JMLS deprived Plaintiff of his federal statutory rights by failing to provide alternate quizzes in his torts class. Mr. Abo-Saif was unable to complete the in class quizzes due to his disability and the professor failed to provide alternate quizzes. Mr. Abo-Saif did not obtain the benefit of the practice provided to the non-disabled students nor the 5% extra credit allotted to the quizzes provided for in the syllabus.

18. As a direct and proximate result of JMLS' violation of **42 U.S.C. § 12182** and **29 U.S.C. § 794**, Plaintiff has sustained injuries of receiving a failing grade in his torts class and ultimately being academically dismissed from JMLS.

## COUNT III
## FAILURE TO PROVIDE NOTETAKER/TYPIST FOR STUDY GROUPS

19. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

20. JMLS failed to provide the reasonable and appropriate accommodation of a notetaker/typist to Mr. Abo-Saif for his torts study group. Consequently he was unable to keep notes regarding the study group conversations and had to rely solely on his memory, unlike the non-disabled students.

21. As a direct and proximate result of JMLS' violation of **42 U.S.C. § 12182** and **29 U.S.C. § 794**, Plaintiff has sustained injuries of receiving a failing grade in his torts class and ultimately being academically dismissed from JMLS.

## COUNT IV
## FAILURE TO PROVIDE A TYPIST FOR THE FINAL EXAM

22. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

3

23. On or about May 14, 2014 JMLS deprived Plaintiff of his federal statutory rights by failing to provide the reasonable and appropriate accommodation of a typist for the Plaintiff's torts final examination. Mr. Abo-Saif requested the accommodation of a typist at the beginning of the term.

24. As a direct and proximate result of JMLS' violation of **42 U.S.C. § 12182** and **29 U.S.C. § 794**, Plaintiff has sustained injuries of receiving a failing grade in his torts class and ultimately being academically dismissed from JMLS.

## COUNT V
## FAILURE TO PROVIDE ANONYMOUS GRADING OF FINAL EXAM

25. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

26. Due to his disability Plaintiff was assigned a dedicated teacher's assistant (TA) for his torts course.

27. Plaintiff was required to put his TA's name on his final exam, which thereby identified the exam as Plaintiff's and subjecting him to possible bias in grading.

28. JMLS deprived Plaintiff of his federal statutory rights by failing to provide him the benefit of anonymous grading that non-disabled students receive.

29. As a direct and proximate result of JMLS' violation of **42 U.S.C. § 12182** and **29 U.S.C. § 794**, Plaintiff has sustained injuries of receiving a failing grade in his torts class and ultimately being academically dismissed from JMLS.

## COUNT VI
## ACADEMIC DISMISSAL OF PLAINTIFF DUE TO HIS DISABILITY

30. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

31. Due to JMLS's failure to provide reasonable and appropriate accommodation to Plaintiff, Mr. Abo-Saif received a failing grade in his torts class and was consequently dismissed from JMLS on academic grounds due to his disability. Therefore, JMLS deprived Plaintiff of his federal statutory rights when he was dismissed academically due to receiving a failing grade in torts because of JMLS's failure to provide reasonable and appropriate accommodation.

32. As a direct and proximate result of JMLS' violation of **42 U.S.C. § 12182** and **29 U.S.C. § 794**, Plaintiff has sustained injuries of receiving a failing grade in his torts class and ultimately being academically dismissed from JMLS.

WHEREFORE, Plaintiff requests that this Court enter judgment against John Marshall Law School providing the following relief:

a) An order that John Marshall Law School readmit Mr. Abo-Saif placing Plaintiff in the position that he would have been in had there been no violation of his rights;

b) An order that John Marshall Law School change Plaintiff's failing grade in torts to incomplete or withdrawal;

c) An order enjoining John Marshall Law School from further acts of discrimination;

d) An award of costs and reasonable attorney's fees;

e) Any and all other remedies provided pursuant to the ADA and the Rehabilitation Act;

f) Order such other and further relief as this Court deems appropriate.

*By*

Bishoy Abo-Saif
2150 Bouterse Avenue #308
Park Ridge, IL 60068
847-698-9599